UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-60081-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

FABIO LOPEZ,

        Defendant.
_____/

## AGREED FACTUAL BASIS FOR PLEA

Had this case proceeded to trial, the parties agree that the United States would have proven the following facts beyond a reasonable doubt:[1]

On January 20, 2020, a 16 year old female child ("Victim 1") and her mother, H.L., responded to the Pembroke Pines Police Department to report that LOPEZ had committed a sexual battery upon Victim 1. H.L. advised law enforcement that she had traveled out of the country in November of 2018 and met LOPEZ at the Miami International Airport where he was then employed as an officer for Customs and Border Protection ("CBP"). H.L. advised law enforcement that she met LOPEZ while being detained by him on the jet way as she departed for an international flight. H.L. advised that LOPEZ asked her for her phone number. H.L. provided LOPEZ with her phone number and developed a friendship with him. During the course of their friendship, LOPEZ visited H.L.'s residence and was introduced to H.L.'s minor children; Victim 1 and her brother. LOPEZ was made aware that Victim 1 was a minor. H.L. discussed her and her children's residency and citizenship status in the United States with LOPEZ on various occasions.

---

[1] These are not all of the facts that the United States would have proven

As an officer for CBP, LOPEZ gave H.L. the impression that he could help her and her family with their residency. H.L reported that she was in fear of LOPEZ.

From on or about July 2019 through about January 2020, while Victim 1 resided in Broward County, LOPEZ began texting Victim 1 using the web-based application "WhatsApp," in addition to direct cellular telephone calls. During the conversations using a cellular telephone, LOPEZ made comments to Victim 1 about how beautiful she was and told her that he was there to help her. LOPEZ advised Victim 1 he could provide her with money if she needed it and offered to pick her up from school on several occasions. On January 17, 2020, LOPEZ coordinated a meeting with Victim 1 using a cellular telephone and arranged to meet Victim 1 in the parking lot of her apartment complex in Pembroke Pines, Florida. Victim 1 advised law enforcement that LOPEZ was dressed in his CBP uniform and had a firearm displayed on his waist during this meeting. LOPEZ told Victim 1 to sit in the passenger seat of his SUV. While parked in a parking spot, LOPEZ told Victim 1 that she could make money by letting him take "sexy" photographs of her in lingerie. LOPEZ further explained to Victim 1 that he would be the one taking the photos and that they could go to a hotel to take them. LOPEZ then fondled Victim 1's breasts and began to touch her vagina. LOPEZ then asked Victim 1 if he could kiss her and Victim 1 refused. Victim 1 subsequently told her mother what had transpired, and they went to the police station. On January 21, 2020, via text message, LOPEZ reiterated to Victim 1 that he wanted to take pictures of her in sexy lingerie and that she would be paid in exchange for producing the photos. LOPEZ assured Victim 1 that *he* would be the one taking the photos and that *he* would take her to a safe place. LOPEZ also told Victim 1 that her mother would never have to know about the photographs.

On February 27, 2020, law enforcement received consent from H.L. to assume the persona of Victim 1 on her cellular telephone. On February 28, 2020, an agent acting in an undercover

("UC") capacity purporting to be Victim 1, texted with LOPEZ regarding how and when to take the photographs they had previously discussed. Despite indicating that he did not want to communicate via text message, LOPEZ texted the UC purporting to be Victim 1, and repeatedly attempted to schedule an in person meeting with her. On March 9, 2020, during a text message conversation with the UC purporting to be Victim 1, LOPEZ communicated to the UC purporting to be Victim 1 that she should shave in between her legs to prepare for the photographs. LOPEZ confirmed that he would focus the camera in between Victim 1's legs and that her face would not be depicted in the image. The UC purporting to be Victim 1 texted with LOPEZ and expressed her nervousness regarding taking the photographs and asked LOPEZ if he would bring her favorite snacks to calm her, flaming hot Cheetos and Nutella. LOPEZ and the UC purporting to be Victim 1 scheduled an in-person meeting in Davie, Florida. On March 10, 2020, LOPEZ arrived at the meeting location and was taken into custody. LOPEZ was read his <u>Miranda</u> warnings and knowingly waived them. In a video and audio recorded interview, LOPEZ advised law enforcement that he had reserved a hotel room to take Victim 1 back to. LOPEZ indicated that he had gone to the hotel earlier in the day to drop off Victim 1's favorite foods and lingerie. Law

enforcement searched the hotel room and recovered several items of lingerie as well as prescription medication for erectile dysfunction. LOPEZ informed law enforcement that he intended to take photographs of Victim 1 wearing the lingerie with the camera on Victim 1's cellular telephone. The defendant agrees that attempted production of child pornography constitutes sexual activity under Title 18, United States Code, Section 2422(b) for which he was charged.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 4/9/21        By:    s/ Jodi L. Anton
                           JODI L. ANTON
                           ASSISTANT UNITED STATES ATTORNEY

Date: 4-15-2021   By:    
                           RICHARD MERLINO, ESQ
                           COUNSEL FOR THE DEFENSE

Date: 4/15/21       By:    
                           FABIO LOPEZ
                           DEFENDANT